## Wanamaker *versus* Yerkes.

1. S., a debtor of Y., gave him an order for goods on W., who owed S. nothing.  S. failed; afterwards Y. not knowing the failure, presented the order at W.'s store, received part of the goods; the remainder was made up in packages and promised to be sent to Y.'s house, who receipted for them to W.  W. having learned of S.'s failure could retain the goods for his lien on them for the price.

2. There was not such delivery as vested title in Y.; there was but an agreement to deliver.

3. That there was a written order or that Y. was ignorant of the insolvency of S. was immaterial.

4. White *v.* Welsh, 2 Wright 396, recognised.

January 29th and 30th 1872. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ.   WILLIAMS, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 222, to January Term 1871.

On the 1st of May 1869, an action of assumpsit between Harman Yerkes, plaintiff, and John Wanamaker, defendant, was commenced in the District Court of Philadelphia.

The declaration was that the defendant was indebted to the plaintiff " for ready-made clothing, being the property of the said plaintiff, which the defendant detained and withheld from the plaintiff, and being so indebted," &c., promised to pay, &c.

The plaintiff's testimony was that on the 17th of November 1868, he presented to a clerk of the defendant at his clothing store this order :—

" Philadelphia, October 29th '68.

Messrs. Wanamaker & Brown,

Gents :—You will please let Mr. H. Yerkes or bearer have such clothing as they may select, with bill, and charge to my ac.
                                                               & oblige,       ALEX. SLOAN."

He selected $174 worth of clothing and then got $66 worth more ; he took away an overcoat and pantaloons at the time. The other goods were separated from s W.' stock ; they were put into five or six packages ; the plaintiff ordered them to be sent to the corner of Sixteenth and Ellsworth streets, " they said they would send them there."

At the same time W.'s clerk endorsed these receipts on the order and the plaintiff signed them :—

" Rec'd, on ac. of this order, clothing to amt. of one hundred and seventy-four dollars.
$174.00."

" Rec'd, on ac. of this order, clothing to amt. of sixty-six dollars.
$66.00."

[Wanamaker *v.* Yerkes.]

At the time the order was drawn and presented, Sloan owed the plaintiff a larger amount than the value of all the goods.

The plaintiff gave in evidence also the following:—

"Oak Hall, 11th Mo. 17th 1868.

"Harman Yerkes, Esq.,

"Dear Sir:—We regret to say that we cannot deliver the goods you purchased to-day on Mr. Sloan's order. Circumstances that have developed themselves since last night have compelled us to decline this order, and we would like to see you before anything else is done in the matter.

"Yours truly,        WANAMAKER & BROWN."

The goods, except the overcoat and pantaloons, were not delivered to Yerkes.

The defendant's evidence was that at the time the order was presented, neither the defendant nor his chief clerk was in the store; the order was received by a salesman; before the packages were put into the delivering wagon, the chief clerk came in and directed them not to be delivered in consequence of having received notice for a meeting on November 16th of the creditors of Sloan, who had previously failed.

Sloan testified that a few days before the date of the order the plaintiff asked him for an order on defendant for $25 or $30 worth of clothing, but wished the order left open; the agreement between witness and plaintiff was that he was to get not more than $25 or $30 worth of clothing; witness afterwards gave defendant notice not to deliver the clothing; the defendant received from Sloan no consideration for the order.

The plaintiff testified that he never had notice of Sloan's failure.

The defendant submitted a number of points, the first of which was:—

"If the jury believe from the evidence that the order dated October 29th 1868, was given to plaintiff by Alexander Sloan on account of a prior indebtedness to plaintiff, and without any other consideration, and that it was not presented at defendant's store till the 17th day of November, and that in the meanwhile said Sloan had failed, and that defendant's clerk without knowledge of the failure and without consulting defendant, agreed to furnish clothing on said order, and that plaintiff selected clothing therein which was set apart for delivery to plaintiff, and that defendant was never paid for the goods so set apart, the defendant had a right to refuse to deliver the same on learning of the insolvency of said Sloan, and no property in the goods vested in the plaintiff."

The court answered:—

[Wanamaker v. Yerkes.]

"I cannot affirm this point unless the plaintiff knew of the failure of Sloan, and I see no evidence to show that he did know of it. He himself denies that he knew it, and there is not, so far as I know, any evidence to show that he did know of it."

The verdict was for the plaintiff for $221.27.

The defendant took a writ of error, and assigned for error (amongst others), the answer to his first point.

*G. C. Purvis* and *J. B. Gest*, for plaintiff in error.

*A. Briggs*, for defendant in error.

The opinion of the court was delivered, March 11th 1872, by

THOMPSON, C. J.—The doctrine applicable to this case is no new doctrine, and needs no elaborate discussion. The plaintiff brought to the defendant an order for goods (clothing) drawn on him by one Alexander Sloan. It was dated the 29th of October 1868, but was not presented until the 17th November. On the morning of that day the order was accepted by a clerk in the defendant's store, and such clothing was selected and put into bundles as the plaintiff desired to take on the order, with the exception of some he wore away with him; the rest he left with directions where they were to be sent by defendants, which they promised to do. It so happened on the day prior Sloan failed, and this was communicated to the defendants before delivery of the goods. The goods still remaining in the custody of defendant, he retained them on his lien for the price, as no money had been paid for them by Sloan, on whose credit they had been selected for delivery to the plaintiff. There was no such delivery to the plaintiff as vested title and possession in him. There was an agreement to deliver; nothing more. The delivery had not even commenced. It was a case, therefore, in which without doubt the plaintiff could retain the goods, or he could have stopped them *in transitu.* It is exactly within the case of White *et al. v.* Welsh *et al.,* 2 Wright 396, which was carefully considered by this court, and is supported by innumerable authorities. The learned judge erred, therefore, in his answer to the defendant's 1st point. He should have affirmed it. We see no reason in refusing it on the ground that the plaintiff did not know of Sloan's insolvency. It was not the case of a purchase of goods to be paid for by the note of a third person. The order did not vary the transaction in the least from a verbal order to the same effect given by Sloan in favor of the plaintiff. Sloan was the purchaser on credit from Wanamaker, and his failure entitled the latter to retain the goods upon his lien for the price.

There are no other points of any consequence in the case, and

[Wanamaker *v.* Yerkes.]

as this ruling cuts up by the roots the plaintiff's case, we reverse, without an order for a *venire de novo.*

Judgment reversed.